

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**RANGER INVESTMENTS, INC.,**                                                  **PLAINTIFFS**
**RANGER VENTURE, B. W. FORMBY,**
**STEPHEN W. FORMBY, THEO FORMBY,**
**SUZANNE FORMBY MARSHALL, STACEY**
**FORMBY TAGGART, DAMIAN LUKE and**
**R. D. JURENKA**

**VS.**                                                   **CIVIL ACTION NO. 5:03cv420BrSu**

**SKLAR EXPLORATION, L.L.C.; and**
**SKLARCO, L.L.C.**                                                      **DEFENDANTS**

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY

**COME NOW,** Plaintiffs, Ranger Investments, Inc. et al. ("Ranger Plaintiffs"), and file this Response to Defendant, Sklar Exploration, L.L.C., and Sklarco, L.L.C.'s (collectively "Defendants"), Motion for Leave to File Surreply, and further show unto the Court as follows:

Defendants' attempts at "one-upmanship" have gone on long enough. The *Federal Rules of Civil Procedure* allow for a motion, a response, and a reply to be filed. Defendants' desperate need to always have the last word violates those rules. It is not the first time that Defendants have filed such a Motion.[1] Defendants' Motion for Leave to File Surreply is not well-taken and should be dismissed.

Defendants' Motion alleges that the Plaintiffs offered the Court "an inaccurate and

---

[1] Defendants also filed a Motion for Leave to File Surreply on a discovery motion in this case.

misleading definition for the term 'dry hole' as that term is used in the relevant joint operating agreement." *See* Defendants' Motion at 1. The Plaintiffs simply quoted the definition of "dry hole" from Williams & Meyers, Manual of Oil and Gas Terms 283 (7th ed.1987), the foremost oil and gas treatise invariably cited by courts.[2] Defendants want to file a Surreply disputing an **exact quote** from Williams & Meyers, while at the same time running up the cost of litigation for the Plaintiffs yet again. The Defendants want to argue over a definition from a secondary source, cited by the Plaintiffs in their Reply brief. This is not the proper purpose under any authority for the filing of a surreply.

Defendants motion for leave, and continued actions in this litigation, constitute an abuse of the Federal Rules of Civil Procedure. The Plaintiffs' Motion for Summary Judgment is ripe for determination without letting the Defendants get an extra last word. As a result, Defendants Motion for Leave to File Surreply is not well-taken and should be dismissed.

                                                Respectfully submitted,

                                                **RANGER INVESTMENTS, INC. ET AL.**

By: _____
      William H. Blair (MSB No. 3365)
      Troy Farrell Odom (MSB No. 100557)
      **THEIR ATTORNEYS**

---

[2] Defendants' argument also defies the joint operating agreement language they cite. If the agreement did not contemplate a dry hole on a zone by zone basis, why did the joint operating agreement state "plugging back" a "dry hole"?

**OF COUNSEL:**

**BLAIR & BONDURANT, P.A.**
Post Office Box 324123
Jackson, MS 39232
Telephone:   (601) 992-4477
Telecopier:   (601) 992-9189

## CERTIFICATE OF SERVICE

I, Troy Farrell Odom, attorney for Ranger Investments, Inc. *et al.*, do hereby certify that I will cause a copy of the foregoing document to be served via the methods stated below:

Michael B. Donald
Lemle & Kelleher, L.L.P.
401 Edwards Street
Shreveport, LA 71101                                    **VIA U. S. MAIL**

W. Eric West
Donald E. Eicher
McDavid, Noblin & West, PLLC
840 Trustmark Building
248 East Capitol Street
Jackson, MS 39201                                       **VIA HAND DELIVERY**

This, the 22d day of December, 2004.

_____
Troy Farrell Odom